**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LAURANCE L. ELNICKI,**

                 **Petitioner,**

    v.                                        CASE NO. 14-3082-SAC

**REX PRYOR,**

                 **Respondent.**

### O R D E R

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner seeks relief on the ground that his trial counsel provided ineffective assistance by failing to advise him that he had a constitutional right to testify at trial.

*Procedural background*

Petitioner was convicted in the District Court of Shawnee County, Kansas, of aggravated kidnapping, in violation of K.S.A. 21-3421; kidnapping, in violation of K.S.A. 21-3420(b); aggravated robbery, in violation of K.S.A. 21-3427; and aggravated burglary, in violation of K.S.A. 21-3716. He was sentenced to a term of 500 months in prison.

The Kansas Court of Appeals (KCOA) affirmed petitioner's convictions but vacated and remanded the matter on the issue of assessment of attorney fees. The Kansas Supreme Court denied petitioner's petition for review on June 23, 2010.

On August 27, 2010, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507. The state district court denied relief, and the KCOA affirmed that action. *Elnicki v. State*, 301 P.3d 788 (Table), 2013 WL 2321032 (Kan.App. May 17, 2013)(unpublished

order). The Kansas Supreme Court denied review on October 38, 2013.

Petitioner filed this matter on May 21, 2014.

The KCOA summarized the factual basis for petitioner's convictions as follows:

> On December 28, 2004, the defendant and his girlfriend, Summer Cole, arranged to trade a set of car tires in exchange for an older set of car tires and a cell phone from Corey Cozzi. Cozzi was dating Darla Caudle and the two lived together in a trailer in Shawnee County, Kansas. The parties arranged to make the trade at the house of a mutual acquaintance, Mike Reisinger. The parties swapped two tires at Reisinger's house and then moved to Cozzi's and Caudle's trailer to complete the trade.
>
> The defendant and Cole left the trailer after the trade was complete but returned to the trailer about an hour later with another unidentified man and a shotgun. When Caudle opened the door, they demanded she let them in to see Cozzi. Caudle said Cozzi was asleep but the three entered the trailer anyway and went to the bedroom where Cozzi was sleeping. One of the three struck Cozzi on the head and then they hog tied Cozzi and Caudle, although there is some dispute as to who hit Cozzi and who did the tying. The defendant then assisted either Cole or the other man in carrying Caudle to the bathroom and putting her in the bathtub.
>
> The three proceeded to remove a variety of items from the trailer, including a television, stereo equipment, a DVD player, and credit cards. Cole demanded the pin numbers for the credit cards. They also searched the trailer for money. When the three left, Cole stole a car Cozzi was planning to buy from Caudle's son-in-law.
>
> After the three intruders left the trailer, Caudle was able to free herself and Cozzi. Cozzi's forehead was bleeding from being struck, so Caudle and Cozzi when to the hospital where Cozzi received 7 stitches in his head.
>
> The defendant and Cole were apprehended by law enforcement several hours later while they were moving items between Cozzi's car and yet another car Cole had stolen. Officers found Caudle's credit cards and driver's license in the defendant's pocket. A loaded shotgun was found in the trunk of one of the cars.

*Standard of review*

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a deferential standard of review in habeas corpus. Specifically, when a state court has adjudicated a claim on its merits, a federal habeas court may grant relief only if determines the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A state court decision is "contrary to" established Supreme Court precedent if the state court decision either contradicts a governing precedent or reaches a decision that is different from Supreme Court precedent on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406, 413 (2000).

The court determines whether the state court's decision was reasonable by considering the record that was available to the state appellate court. *See Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388 (2011)("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.")

A state court's findings of fact are presumed to be correct and are given deference. 28 U.S.C. § 2254(e)(1).

*Application*

Petitioner properly exhausted his claim of ineffective assistance of counsel by presenting it in a post-conviction action and by pursuing relief in the Kansas appellate courts.

The state district court appointed counsel, conducted an evidentiary hearing, and issued written findings and conclusions of law. The court's order explained:

> This is another matter in which the Court must weigh the testimony of the witnesses and determine who is more credible. From observing the witnesses and listening to their testimony, this Court finds that trial counsel is a more credible witness than Elnicki on the issue of whether Elnicki was advised it was his decision about whether to testify. As previously noted, trial counsel has no personal interest, benefit or detriment in the outcome of this case. Elnicki clearly does. This Court does not put much stock in Elnicki's testimony. It is not clear to this Court whether [petitioner's wife] and [petitioner's mother] really saw the specific words reportedly mouthed to them as they testified, or whether they are just helping out a loved one. If they did see it done, the source of the information is still Elnicki, whom the Court does not believe. The Court finds that Elnicki was aware of his right to testify. Both Elnicki and trial counsel testified that, in some form, trial counsel advised Elnicki not to testify. It was Elnicki's decision.
>
> There is not sufficient evidence upon which this Court can find trial counsel's performance fell below an objective standard of reasonableness – the first prong of the two-part test. Further, there is not sufficient evidence that Elnicki was prejudiced by trial counsel's performance. There is no evidence that but for counsel's performance, the result in this case would have been different. *Elnicki v. State*, 2013 WL 2321183 at *2.

The KCOA applied the correct legal precedent in its review of this claim, citing *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, a party claiming ineffective assistance must establish both that "counsel's representation fell below an objective standard of reasonableness" 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

The KCOA also reasonably applied that standard to the record before it, finding that "[t]he record contains substantial competent evidence supporting the district court's factual findings that [counsel] advised Elnicki of his right to testify and that Elnicki understood that the decision was his to make", *Elnicki*, 2013 WL 2321183, *4. The KCOA also noted that petitioner had exercised the right to testify in an earlier trial. *Id*.

In considering a claim of ineffective assistance of counsel, a federal habeas court may grant relief only if the petitioner can surmount the "doubly deferential" combination of standards imposed by § 2254(d) and *Strickland*. *Pinholster*, 131 S.Ct. at 1403. After consideration of the record and the arguments of the parties, the court finds petitioner has not met this burden and concludes habeas corpus relief must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 5th day of May, 2015, at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge